# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **WILLIAM M. TYREE,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Civil Action No. 12-10722-DJC** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ELIZABETH HEFFERNAN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                    October 26, 2012

On April 16, 2012, William M. Tyree ("Tyree"), who is incarcerated at the Souza-Baranowski Correctional Center ("SBCC"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Tyree claimed that the conditions of confinement at SBCC were so poor that they affected the fact or length of his confinement.  In a memorandum and order dated June 27, 2012 (D. 5), the Court denied the petition on the ground that Tyree's allegations about the conditions of confinement at SBCC did not provide a basis for habeas relief.

Before the Court are Tyree's motion for reconsideration (D. 7), motion for a show cause order (D. 8), and affidavit in support of these motions (D. 9).  In these documents, Tyree reiterates his argument that the conditions of confinement at SBCC affect the duration of his requirement. Tyree alleges that, due to prison violence caused by overcrowding, SBCC has recently been on lockdown on more than one occasion.  During these periods of lockdown, rehabilitative programs which allow prisoners to earn good time credit have not been available.  According to Tyree, the

recent lockdowns show that a relationship between the conditions of confinement at SBCC and the duration of confinement is not speculative.

However, Tyree's motions do not cure the problems of his original petition.  Although improved prison conditions may lead to the opportunity to earn good time credit, Tyree's claims lie outside of the core of habeas corpus because success on his claims would not "*necessarily* spell speedier release." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (emphasis added); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (noting that "habeas jurisdiction is absent, and a [42 U.S.C.] § 1983 action proper, where a successful challenge to a prison condition will not *necessarily* shorten the prisoner's sentence" (emphasis added)).  Even if the alleged conditions of which Tyree complains were ameliorated, he would not necessarily earn good time credits; therefore, any such improvement would not necessarily shorten the period of his incarceration.  Tyree does not have a right to earn good time credits.  Massachusetts law unambiguously grants the Commissioner of Correction complete discretion to award good time credits for participation in prison rehabilitative programs, see Mass. Gen. L. c. 127, § 129D (giving  commissioner discretion to award good time credits); Haverty v. Comm'r of Corr., 440 Mass. 1, 6 (2003) ("Section 129D does not establish a statutory right to the availability of earned good time credits"), and Tyree does not have a constitutional right to earn good time credits, see Haverty, 440 Mass. at 5; Jackson v. Russo, 495 F. Supp. 2d 225, 230 (D. Mass. 2007).

For those reasons and the reasons stated in the memorandum and order of June 27, 2012, the motions for reconsideration and for a show cause order (D. 7, 8) are DENIED.

**So ordered.**

 /s/ Denise J. Casper
United States District Judge